## Heralds of Liberty *v.* Hurd, Appellant.

*Banks and banking—Checks—Presentation—Delay—Partnership.*

1. Where a check is issued by a partnership consisting of two members, and before the check is presented for payment one of the partners draws out the whole of the firm's deposit, and the other subsequently settles with his partner without ascertaining whether the check had been paid, the latter cannot in a suit against him on the check, defend on the ground that there had been an undue delay in the presentation of the check.

2. Such a delay is not that contemplated by the Act of May 16, 1901, sec. 186, P. L. 194, which reads: "A check must be presented for pay-

ment within a reasonable time after its issue, or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay."

Argued Oct. 21, 1910. Appeal, No. 168, Oct. T., 1910, by George M. Hurd, from order of C. P. No. 3, Phila. Co., Dec. T., 1909, No. 3,533, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Heralds of Liberty v. George M. Hurd et al., trading as Hurd, Baker & Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit on a check.

George M. Hurd filed the following affidavit of defense:

"Deponent acknowledges that on or about the Eleventh day of April, A. D. 1908, he was in partnership with one George I. Baker, trading under the name or style of Hurd, Baker & Company, and that on or about that date a check was drawn by their firm to the order of the plaintiff, as set forth in plaintiff's statement of demand.

"Deponent, however, avers and says that instead of depositing said check, as was its obligation, the plaintiff held the same until some date unknown to your deponent, but subsequent to the thirty-first day of July, A. D. 1908 upon which latter date George I. Baker, deponent's partner withdrew from the Colonial Trust Company, upon which said check was drawn, the sum of Three Hundred and Seventy-one Dollars and fifty eight cents ($371.58), belonging to the said co-partnership, and its entire balance therein.

"That deponent believing said check had been paid, subsequently dissolved the partnership existing between himself and the said Baker, and made and concluded a final settlement with the said Baker, based upon the understanding and assumption that said check had been paid.

"That your deponent is advised that on account of the neglect of the plaintiff in presenting said check for pay-

480   HERALDS OF LIBERTY *v.* HURD, Appellant.

Statement of Facts—Opinion of the Court.   [44 Pa. Superior Ct.

ment within a reasonable time after it had been made and delivered, that he is relieved from any liability thereon, especially in view of the fact that he has already paid his proportion thereof in an adjustment of the partnership accounts between himself and the said Baker, after the said thirty-first day of July, A. D. 1908."

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Chas. S. Wood,* for appellant.

*George J. Edwards, Jr.,* for appellee.

PER CURIAM, November 21, 1910:

This was an action upon a check, given by the firm of which the appellant was a partner, for money loaned by the plaintiff to the firm. The appellant relies for his defense upon sec. 186 of the negotiable instruments law (Act of May 16, 1901, P. L. 194), which reads: "A check must be presented for payment within a reasonable time after its issue, or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay." This is declaratory of the existing law. The difficulty in the way of its application to the case in hand, is that the efficient cause of the plaintiff's loss (if it can be said that he suffered any) was not the delay in presenting the check, but the drawing of the money out of the bank by his copartner, and the appellant's joining in the dissolution of the partnership and settling with his partner without ascertaining whether the check had been paid. In these circumstances the delay would not have constituted a defense prior to the act of 1901 (see Fleming v. Denny, 2 Phila. 111), and does not constitute a defense since that act. This conclusion is well supported by the opinion of the learned judge below, and we need not add anything further to what he has said.

The judgment is affirmed.